THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EUGENE WAYNE JOHNSON, JR., Defendant-Appellant.

Fourth District   No. 14621

Opinion filed July 14, 1978.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendant Eugene Wayne Johnson, Jr., appeals judgments convicting him of the offenses of battery and cruelty to children and sentencing him to 1 to 3 years' imprisonment, entered against him by the circuit court of Vermilion County after a trial by jury. He cites various claims of error but we need discuss only his claim that he was deprived of his right to assistance of counsel.

During the presentation of the State's case, the trial judge became convinced that the defendant was not receiving competent representation by his privately retained counsel. The judge called the prosecutor, defendant and defense counsel into chambers and recited his observations into the record. He then informed defendant that he, defendant, had a right to be represented by counsel of his own choosing and that if he wanted to continue the case with his present counsel, he could do so but that by doing so he would be waiving the issue of the competency of his counsel. The judge also informed the defendant that, on the other hand, if defendant wished, the court would declare a mistrial and give him an opportunity to obtain counsel of his own choosing to represent him at a new trial of the case. The defendant was also informed that if he was indigent and could not afford counsel, the court would appoint counsel to represent him free of charge. The court then called a short recess telling the defendant that he could consult with his present counsel and his family as to what he wished to do. At the conclusion of the recess, the defendant told the court that he wished to continue with his existing counsel. The case then proceeded.

We accept the concerned trial judge's determination that the conduct of the defense was incompetent. He was in a much better position than we are to so decide. Some of the bases for his decision arise from situations that cannot be fully reflected in the record.

The trial judge was placed in a difficult position. Defendant had a constitutional right to be represented by competent counsel. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) He also had a right to counsel of his own choosing. In *People v. Friedrich* (1960), 20 Ill. 2d 240, 169 N.E.2d 752, the supreme court ruled that right to have been violated when a trial court denied the request of an accused that a lawyer having an interest conflicting to that of the accused be permitted to represent him. In *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, the court ruled that upon proper waiver of counsel, an accused has a right to proceed *pro se*. Thus, in the instant case, unless a valid waiver of the claim of incompetency of counsel could be obtained from the defendant, any position that the court took would have undesirable consequences. If the trial proceeded to verdict, any conviction obtained would have to be set aside for incompetency of counsel. On the other hand, if a mistrial were declared and defendant ordered to get new counsel, defendant might have been deprived of his right to counsel of his own choice.

No case telling us what the trial judge should have done has been called to our attention. Although upon proper waiver, the defendant is entitled to proceed with a counsel with conflict of interest or without counsel, no

case has ruled whether he has a right to proceed by counsel who, although licensed, is deemed by the trial court to be incompetent.

■■ In the absence of precedent that a defendant may waive the competence of his counsel, we are not disposed to permit it in the absence of a very clear showing. If such a waiver can be made, logic would require that the same safeguards be observed as are required when an accused makes a waiver of counsel to be followed by a *pro se* representation. Supreme Court Rule 401(a) (58 Ill. 2d R. 401(a)) requires that prior to permitting waiver of counsel in a criminal case, the court must inform the defendant and determine that he understands (1) "the nature of the charge," (2) the possible penalty that may be imposed upon conviction, and (3) his right to counsel and appointment of counsel if indigent.

■■ Here, the trial judge was most diligent and forthright in documenting for the record the shortcomings of defense counsel and informing the defendant of what was taking place. The defendant's right to counsel and to appointed counsel was fully explained to him. However, the judge did not inform him of the nature of the charge or the possible punishment before accepting the purported waiver of competency of counsel. The record does not indicate specifically that the defendant was ever advised of the possible punishment. Because the discussion in question occurred in the heat of trial, it is difficult to see how the judge could have arranged for the defendant to obtain independent legal advice as to whether to proceed. However, we find a weakness in the procedure whereby the defendant made his determination to proceed after consultation with the counsel whose competency was in question.

We need not determine whether incompetence of counsel may be waived in the manner involved here because we determine that under all the circumstances, any waiver here would be insufficient.

Accordingly we reverse and remand for a new trial.

Reversed and remanded.

MILLS and REARDON, JJ., concur.