(No. 51073.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EUGENE WAYNE JOHNSON, Appellee.

*Opinion filed March 20, 1979.*

182

William J. Scott, Attorney General, of Springfield, and Thomas J. Fahey, State's Attorney, of Danville (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Robert C. Perry and Marc D. Towler, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, of Springfield (Barbara A. Chasnoff, Assistant Defender, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

After a jury trial in the circuit court of Vermilion County, the defendant, Eugene Wayne Johnson, was convicted of battery and cruelty to children, and acquitted of aggravated battery. He was sentenced to a term of imprisonment of not less than 1 year nor more than 3 years. Though defendant raised numerous issues in the appellate court, the court addressed only defendant's contention that he was denied the right to effective assistance of counsel. The appellate court reversed and remanded for a new trial, holding that defendant's waiver of competent counsel was insufficient. (61 Ill. App. 3d 819.) After granting the State leave to appeal, we ordered that argument in this court be limited to the specific issue decided by the appellate court. *People ex rel. Hahn v. Hurley* (1956), 9 Ill. 2d 74, 79-80.

On the morning of the second day of trial, the trial judge called the defendant, his privately retained counsel

and the court reporter into chambers and, outside the presence of both the prosecutor and the jury, addressed the defendant personally. The judge first inquired into defendant's education and his ability to read and write the English language. Upon being satisfied that the defendant was of above-average intelligence and able to understand the remarks about to be made, the judge informed defendant that he was of the opinion that defendant was not receiving assistance of competent counsel. The judge proceeded to enumerate the factors which led him to such conclusion. He referred to repeated disruptions caused by defense counsel and stated that he was "disturbed by the asking of questions and inquiring into certain areas which are inappropriate by [defense counsel] and the failure to ask questions which are appropriate for your defense." The judge expressed particular concern that defense counsel's failure to attempt to keep certain incriminating statements from the jury may have seriously prejudiced defendant's case.

The judge then advised the defendant of his constitutional right to have an attorney of his own choosing and to have an attorney appointed for him if he was financially unable to employ one, and then provided the defendant with the following alternative:

> "I am prepared to proceed with this trial with [present counsel] representing you as long as you understand that I have serious questions as to competency and that if you proceed with [him] as your Counsel at this time you waive or give up the right to object later to the fact that he did not provide you competent Counsel or give you good advice or do his job well. If on the other hand you feel that you wish to have other Counsel appointed for you to represent you, I will upon your motion declare a mistrial in this case and allow the trial to start over with other Counsel."

The judge noted that he had considered the possibility of calling in standby or assistant counsel to aid in the defense,

but had concluded that it would not be possible to adequately apprise such counsel of the previous day's proceedings. After the judge repeated the alternatives, defendant stated that he understood fully. The judge called a short recess to enable the defendant to consult with his family and his counsel before making a decision. At the conclusion of the recess, the defendant advised the court that he wished to proceed with the same counsel. The judge stated for the record that the defendant's waiver of competent counsel was made knowingly and voluntarily. The case then resumed.

As the appellate court recognized, the trial judge was thrust into a curious position in endeavoring to protect the rights of the defendant. The defendant's constitutional right to counsel entitles him both to effective assistance by counsel and to counsel of his own choosing. Typically, both corollaries coexist symbiotically. Here, however, where the judge had determined that defendant's choice of counsel was not providing the defendant with competent representation, one had to be sacrificed. The trial judge could not force the defendant to retain counsel other than counsel of defendant's own choosing. In *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, a trial judge refused to allow the defendant to represent himself after determining that the defendant could not do so competently. The Supreme Court, in declaring that criminal defendants have a constitutional right to represent themselves, held that the trial judge could not force the defendant to accept court-appointed counsel if he insisted upon representing himself.

Similarly, in *People v. Friedrich* (1960), 20 Ill. 2d 240, a trial judge refused to allow the defendant to retain his chosen counsel after determining that such counsel, due to a conflict of interest, could not competently represent him. This court held that the trial court had deprived the defendant of the right to counsel of his own

choice. In so holding, the court stated that the defendant had the "unquestioned privilege" to waive his right to separate counsel who would be free from conflicting interests. 20 Ill. 2d 240, 255.

In the case at bar, defendant's right to counsel of his own choice, like Faretta's right to represent himself and Friedrich's right to counsel of his own choice, required that he be allowed to make a voluntary, knowing and understanding waiver of the right to competent counsel in order to receive the representation of his choice. (Accord, *United States v. Garcia* (5th Cir. 1975), 517 F.2d 272.) Neither party disputes the conclusion that defendant can waive his right to competent counsel. The dispute is whether the admonitions of the trial judge sufficiently assured that the defendant's waiver was voluntary, knowing and understanding.

The appellate court held that the trial judge's admonitions were insufficient because they did not comport with those under Supreme Court Rule 401(a) (58 Ill. 2d R. 401(a)). Rule 401(a) requires that prior to permitting a waiver of counsel by a person accused of an offense punishable by imprisonment, the court must inform the defendant of and determine that he understands (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law; and (3) his right to counsel and the right to appointment of counsel if indigent. This rule, however, was not intended to apply to the novel situation which here confronted the trial judge. The rule applies when a criminal defendant waives counsel entirely and elects, instead, to represent himself. Here, defendant did not seek to waive counsel and represent himself, but, rather, elected to proceed with counsel of his own choosing despite the judge's caution that that counsel was incompetent. Rule 401(a) is inapplicable under these circumstances.

We must, however, determine whether defendant's

waiver of his constitutional right to competent counsel was valid. (See *People v. Barker* (1975), 62 Ill. 2d 57.) Waiver of a constitutional right is valid only if it is clearly established that there was "an intentional relinquishment or abandonment of a known right \*\*\*." (*Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023.) "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." (*Brady v. United States* (1970), 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469.) The object of these standards is to insure, based on the totality of circumstances evident in the record, that the defendant was able to make a rational choice from among the alternatives available to him.

A review of the record reveals that the defendant's waiver of competent counsel was voluntarily, knowingly and understandingly made. Defendant waived his right to competent counsel on the morning of the second day of trial. By that time, defendant had become aware of the nature and severity of the charges against him. He had been present at his arraignment when the judge stated that he was charged with aggravated battery, battery and cruelty to children. He had heard the prosecutor's opening statement, which outlined the case the State expected to establish. He had also heard the entire testimony of the complaining witness and the testimony of three other State's witnesses and had observed the performance of his retained counsel. Immediately before admonishing the defendant regarding the choice he was being called upon to make, the trial judge ascertained that defendant was capable of understanding the colloquy which was to follow. The judge's subsequent admonitions could scarcely have been more thorough. The defendant suggests that the trial judge failed to expressly inform the defendant that a

likely consequence of proceeding with his existing counsel was that certain evidence relevant to his defense would never be presented to the jury. This was an obvious implication of the judge's remarks to the defendant. The judge's failure to expressly state the obvious does not render ineffective an otherwise voluntary, knowing and understanding waiver. We are convinced that defendant was sufficiently aware of the likely consequences of continuing with incompetent counsel, and, therefore, hold the defendant's waiver of competent counsel was valid.

The defendant raises one final point and directs our attention to the trial judge's statement that defendant be given an opportunity to consult with counsel before making a decision. The defendant contends that there is a fatal weakness in the procedure which has him seek advice as to the consequences of continuing with incompetent counsel from the very person whose competence was in question. We disagree. Immediately preceding the suggestion, the judge had addressed his remarks personally to the defendant. The judge avoided addressing the defendant through his retained counsel, specifically because the defendant himself had to be apprised of the likely consequences of the choice he would have to make. The judge had not only provided the defendant with the advice necessary to make a rational choice, but had expressly advised him that no one could tell him whom he would retain as his attorney and that the judge would again be available to answer any questions which defendant might have after consultation with counsel. Appointment of separate counsel to advise the defendant on that which the judge himself had advised him would have been of no additional assistance. Only the defendant could make the decision. Upon scrupulously advising the defendant of his counsel's incompetence, the trial judge could not forbid the defendant from consulting with his retained counsel any more than he could prevent the defendant from

continuing to be represented by such counsel during trial. In providing the defendant with an opportunity to consult with counsel, the trial judge was merely apprising him of a right which could not be denied him. Under the circumstances, we do not find that the opportunity provided the defendant to consult with his retained counsel prevented him from effectuating a valid waiver of his right to competent counsel.

For the reasons stated, the judgment of the appellate court is reversed and the cause remanded to the appellate court for consideration of the remaining issues raised in defendant's appeal.

*Reversed and remanded.*