THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GUADALUPE GAMBOA, SR., Defendant-Appellant.

Third District   No. 3—91—0467

Opinion filed February 28, 1992.

Robert S. Grossman, of Chicago, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet, and Joan M. Kripke, of Chicago (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Guadalupe Gamboa, Sr., appeals the trial court's denial of his motion to withdraw his guilty plea. For reasons which follow, we remand to the trial court for further proceedings.

On April 1, 1990, Gamboa pled guilty to unlawful possession with the intent to deliver a controlled substance (count I) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)) and unlawful possession of weapons by a felon (count II) (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1). Before accepting Gamboa's guilty pleas, the trial court admonished him pursuant to Supreme Court Rule 402. (134 Ill. 2d R. 402.) The court accepted Gamboa's guilty pleas and found that they were voluntary, informed, and knowingly made by the defendant.

On April 29, 1990, Gamboa filed a motion to withdraw his pleas of guilty. Gamboa asserted various defenses to the two charges. Gamboa also claimed he was taking medication which prevented him from understanding the consequences of his guilty pleas. The trial court denied Gamboa's motion and set the matter for sentencing.

On June 30, 1990, the trial court sentenced Gamboa to eight years' imprisonment on count I and concurrently to four years' imprisonment on count II. The court also imposed a street value fine of $5,040.

At the conclusion of the sentencing hearing, the trial court advised Gamboa concerning his appellate rights. The trial court told Gamboa that it was *not* necessary for him to file a motion to withdraw his plea of guilty within 30 days following sentencing since Gamboa had previously filed such a motion prior to sentencing. Gamboa proceeded to file his notice of appeal on June 24, 1990, *without* filing a new motion to withdraw his guilty plea.

The State seeks to dismiss Gamboa's appeal on the following grounds: (1) he failed to file a motion to withdraw his guilty plea within 30 days following sentencing; and (2) his defense counsel failed to file the certificate required by Supreme Court Rule 604(d). (134 Ill. 2d R. 604(d).) The State asserts these two errors by Gamboa deprive this court of jurisdiction to hear his appeal.

Gamboa admits that: (1) his motion to withdraw his guilty plea was filed *before* the trial court sentenced him; (2) he did not file another motion to withdraw his guilty plea within 30 days following his sentencing; and (3) his counsel failed to file the requisite Rule 604(d) certificate. Gamboa alleges that it would have been an "exercise in futility" to have filed an additional motion to vacate his guilty plea following his sentencing. Gamboa claims he has substantially complied with Rule 604(d). Therefore, Gamboa argues we should consider his appeal on the merits and not dismiss it. In the alternative, Gamboa requests that we remand the cause to the trial court for further proceedings.

Rule 604(d) establishes the *mandatory* conditions precedent for an appeal from a defendant's plea of guilty. (*People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) Rule 604(d) provides in relevant part:

"*No appeal* from a judgment entered upon a plea of guilty *shall be taken unless* the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The defendant's attorney *shall file* with the trial court a certificate stating that the ·attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *** If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion." (Emphasis added.) 134 Ill. 2d R. 604(d).

In *Wilk*, our supreme court stressed that Rule 604(d) sets forth mandatory procedures which must be strictly followed. Rule 604(d) was enacted to allow a trial court to consider any alleged errors which may have resulted in the defendant's guilty plea and to make a record for the appellate court to consider on review in cases where the defendant's claim is disallowed. (*Wilk*, 124 Ill. 2d at 98, 529 N.E.2d at 222.) Based on *Wilk*, we find a defendant is allowed *no*

deviation from the statutory procedure required in Rule 604(d). We do not find that substantial compliance with Rule 604(d) is satisfactory to perfect an appeal. Only complete compliance with Rule 604(d) will suffice.

■■ We find that Gamboa's appeal was not properly perfected because his defense counsel failed to file a Rule 604(d) certificate. Our court recently addressed this same procedural error in *People v. Vickery* (1991), 207 Ill. App. 3d 574, 566 N.E.2d 495. We held in *Vickery* that Rule 604(d) mandates the filing of the defense attorney's certificate before an appeal can be properly perfected. (*Vickery*, 207 Ill. App. 3d 574, 566 N.E.2d 495.) In *Vickery*, we remanded the cause to the trial court to allow counsel the opportunity to file the mandatory certificate.

In this appeal, we also find that Gamboa's motion to withdraw his guilty plea was filed prematurely and did not comply with the mandatory requirements of Rule 604(d). Normally, such a finding would require the dismissal of Gamboa's appeal. However, in the interest of justice, we must review the trial court's admonishment to Gamboa concerning his appellate rights. The trial court advised Gamboa as follows:

> "Normally, after advising you with respect to your appellate rights, I would tell you that the first thing that you would need to do is file a motion to withdraw your plea of guilty; however, in this case inasmuch as you have already done that prior to the sentencing, and that that [*sic*] motion was denied, I do not think that you would have to do that in order to perfect your rights to appeal. You have thirty days from this date to file a notice of appeal."

We find the trial court's admonition clearly misled Gamboa. Based on the trial court's analysis of Rule 604(d), Gamboa did *not* file a new motion to withdraw his guilty plea within 30 days following his sentencing.

Once again, we emphasize that Rule 604(d) reads in pertinent part:

> "*No appeal* from a judgment entered upon a plea of guilty *shall be taken unless* the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (Emphasis added.) 134 Ill. 2d R. 604(d).

Based upon the clear statutory language of Rule 604(d), we find the trial court's comments were clearly a misstatement of the law and constituted reversible error. We also find Rule 604(d) requires that

within 30 days following the date on which the sentence is imposed, the defendant *must* file in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The filing of that motion is a mandatory requirement of Rule 604(d) which *cannot* be waived by the trial court. Therefore, we remand this cause to the trial court for further proceedings consistent with this opinion. Based upon our findings, it is not necessary to address the other issues raised by Gamboa.

Remanded.

BARRY, P.J., and HAASE, J., concur.