THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL ROBINSON, Defendant-Appellant.

Third District   No. 3—91—0020

Opinion filed May 21, 1992.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the defendant, Michael Robinson, was found guilty of armed violence (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(a), 33A—2)). The trial court found him not guilty of attempted murder. Following a sentencing hearing, the defendant was sentenced to a six-year prison term. He appeals.

Initially, the State argues that this court does not have jurisdiction to hear this appeal because the defendant's notice of appeal was untimely filed. The State correctly notes that a notice of appeal must be filed within 30 days of the entry of the final judgment (134 Ill. 2d R. 606(b)), and that the final judgment in a criminal case is the oral pronouncement of sentence. *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283.

In the case at bar, the defendant was sentenced on November 28, 1990. At that time the trial judge agreed to stay the mittimus until January 2, 1991, and mistakenly informed the defendant that he had 30 days to appeal the judgment from the day the mittimus would issue. Thereafter, the defendant filed the notice of appeal on January 7, 1991. It is clear that the trial judge failed to properly admonish the defendant pursuant to Supreme Court Rule 605(a) (134 Ill. 2d R. 605(a)), which requires the court to advise the defendant that his right to appeal will be preserved only if a notice of appeal is filed within 30 days from the date of the sentence (134 Ill. 2d R. 605(a)). Therefore, in the interest of justice we will consider the defendant's notice of appeal timely filed and address the merits of the case. See *People v. Gamboa* (1992), 225 Ill. App. 3d 668, 588 N.E.2d 457.

The record reveals that the defendant's girlfriend and his sister picked up the defendant and his cousin at 9 p.m. at the hardware store where they worked. The women told the defendant that they had had an altercation with Antonio Morgan, Morgan's girlfriend Vicky Fox, and Morgan's sister earlier in the day. According to them, Morgan had punched the defendant's sister in the face while she was holding the defendant's six-month-old daughter, which caused the baby's head to hit the car door. This angered the defendant, who decided to look for Morgan. There were already two baseball bats in the defendant's car. He went home and also retrieved his handgun.

The defendant stated that his intention was to confront Morgan and to "hit him a couple times with the stick, just to show him how it feels to be victimized." He said he did not intend to use the gun to shoot Morgan, but only wanted it because Morgan's neighborhood was dangerous. They drove to Morgan's neighborhood, where they found him walking with two other men. The defendant stated that Morgan and his companions appeared to be gang members, so for protection he placed his gun in a holster under his right shoulder and concealed it under his jacket.

The defendant approached the men, carrying a baseball bat, and asked which one was "going with" Vicky Fox. According to the defendant, Morgan responded that he was and pulled his coat back to reveal a gun tucked in his waistband. The defendant stated that he froze and Morgan reached for his gun. The defendant then jumped to the side and reached for his gun. According to the defendant, Morgan drew his gun first, started running away, turned partially around with much of his back toward the defendant, and fired two or three shots. The defendant then returned fire, ultimately hitting Morgan in the back.

Morgan testified that the defendant approached him with a baseball bat, but when Morgan responded that he was Vicky Fox's boyfriend, the defendant dropped the bat and began shooting at him, ultimately hitting him in the back. Morgan stated that he was unarmed.

Various witnesses corroborated either the defendant's or Morgan's version of the events.

The trial judge found insufficient evidence of the defendant's intent to kill Morgan and therefore found him not guilty of the attempted murder charge. However, the judge specifically found that the defendant, acting as the aggressor, had intended to confront Morgan "to do substantial harm by all appearances." The judge also noted that "any provocation had been quieted by the time the defendant arrived at the scene where the shooting occurred." He then found the defendant guilty of armed violence based on aggravated battery.

On appeal, the defendant notes that he was charged with attempted first degree murder. The charge alleged that he shot Antonio Morgan with a handgun without lawful justification and with the intent to kill Morgan. Based on the same conduct, he was also charged with armed violence. This charge alleged that while armed with a handgun, the defendant committed the offense of aggravated battery in that he knowingly and without lawful justification shot Morgan in the back, thereby causing great bodily harm.

The defendant contends that he was found not guilty of the Class X offense of attempted murder but was still sentenced as a Class X offender because, through operation of the armed violence statute, the Class 3 felony of aggravated battery was elevated to the Class X felony of armed violence. Thus, he was subject to the same penalty as if he had been convicted of what he contends is the more serious offense of attempted murder. In this manner, he argues he was denied his constitutional guarantee of proportionate penalties and due process. We disagree.

The purpose of the armed violence statute is to deter a defendant from carrying a dangerous or deadly weapon at the time of the commission of a felony. (*People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267.) A defendant may be convicted of armed violence based on aggravated battery. *People v. Biesiada* (1990), 201 Ill. App. 3d 39, 558 N.E.2d 520.

In support of his argument, the defendant relies on *People v. Allen* (1991), 218 Ill. App. 3d 930, 578 N.E.2d 1193. In *Allen*, the defendant was charged with attempted murder, aggravated battery, and armed violence (based on aggravated battery), all based on the stabbing of his father. The defendant presented the defense of self-defense. The jury found him guilty of armed violence and aggravated battery, but was unable to reach a verdict on the attempted murder charge. He was sentenced to seven years' imprisonment and raised the same argument on appeal as the instant defendant.

The *Allen* court stated that apparently the jury did not believe that the defendant acted with the intent to kill and that while he had committed the battery with the intent or knowledge that his actions would result in great bodily harm, some mitigating factors were present. The court noted that the purpose of the armed violence statute is to deter those who contemplate a felonious act from carrying a weapon. Thus, the statute may not be applied in instances where the underlying felony does not entail a premeditated act. The court then stated, without any discussion of the specific facts or circumstances of the case, that the defendant's aggravated battery of his father had not been premeditated and that the defendant had presented evidence of "some provocation." Thus, the *Allen* court concluded, the unpremeditated aggravated battery could not properly be used to support the armed violence conviction in that case.

To the extent that the decision in *Allen* appears to contradict this court's decision in *People v. Biesiada*, noted above, we are not persuaded to depart from our holding in *Biesiada*. Furthermore, in the instant case, unlike the situation presented in *Allen*, we find that

there was ample evidence that the defendant's aggravated battery of Morgan was premeditated and not sufficiently provoked. The trial judge's remarks noted in the recitation of facts above are instructive in this regard. We therefore find that the facts in this case are distinguishable from those in *Allen*.

Finally, we note that we disagree with the instant defendant's characterization of armed violence based on aggravated battery as a less serious offense than attempted murder. The defendant argues that attempted murder is a more serious offense because it contains a more culpable mental state; that is, the intent to kill as opposed to knowledge that his conduct would cause great bodily harm. We find, instead, that while attempted murder may have a more culpable mental state, the harm or potential harm to the victim can be greater for armed violence based on aggravated battery. This is because a conviction for armed violence necessarily requires that the victim suffer great bodily harm while the defendant is armed with a deadly weapon. A conviction for attempted murder does not require harm to the victim while the defendant is armed. Thus, we are not persuaded that attempted murder is the more serious offense.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and McCUSKEY, JJ., concur.