THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY F. STOOPS, Defendant-Appellant.

Fourth District    No. 4—98—0227

Opinion filed May 3, 2000.

STEIGMANN, J., specially concurring.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Norbert J. Goetten, Robert

J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After a bench trial in August 1997, the trial court found defendant, Jeffrey F. Stoops, guilty of two counts of aggravated battery (720 ILCS 5/12—4 (West 1996)). In September 1997, the trial court sentenced him to 30 months' probation, imposed a $1,000 fine, and ordered him to make restitution of $27,034.65. Defendant appeals his conviction and sentence, claiming the trial court erred in (1) failing to properly admonish him in accordance with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) before allowing him to waive counsel and (2) in exceeding its bounds by becoming an advocate while questioning defense witnesses. Further, defendant claims he is entitled to credit against his fine for time served waiting trial in the county jail. We agree with defendant's first contention and reverse and remand.

The State charged defendant with hitting Thomas Griffin in the head with a baseball bat and stomping on his leg and breaking it on July 13, 1996. The State alleged defendant took these actions while he and Griffin were on a public way and caused great bodily harm to Griffin.

Defendant waived a jury trial and, at a later pretrial conference on February 27, 1997, defendant requested his previously appointed public defender be discharged and he be granted a continuance because he wished to retain private counsel. The trial court discharged the public defender and granted defendant's request for a continuance.

On April 18, defendant again requested a continuance to hire counsel. He had spoken with an attorney but had not hired him yet because he had not been able to get enough money together due to child support obligations. The court granted another continuance. Defendant obtained two more continuances for the purpose of obtaining counsel. At the pretrial conference on August 15, the trial court advised defendant, who still had not been able to hire counsel, he should get some advice from his former public defender and be prepared for trial as his earnings no longer made him eligible for the appointment of the public defender.

The trial court held a bench trial on August 21. Defendant proceeded to trial *pro se*. The record does not show he waived counsel.

The evidence at trial showed defendant came to a tavern to speak to the bartender, his girlfriend. Some dispute arose between defendant and two patrons. Later, in the parking lot, the dispute continued and defendant struck the victim in the head with a baseball bat and stomped on his ankle. Defendant denied causing the injury to the

victim's ankle and testified he struck the victim with the bat only to protect himself from a beating by the two patrons.

While the evidence was conflicting, the trial court found defendant guilty of both counts of aggravated battery. The evidence was more than sufficient to support the findings of guilt.

On September 26, the sentencing hearing began. Defendant appeared with appointed counsel. Griffin testified to the extent of his injuries. The hearing was suspended so defense counsel could review a transcript of the trial. A motion for new trial was later filed and denied. Sentencing resumed on January 28, 1998. The State argued for an extended-term sentence. The court expressed concern about the need for restitution and sentenced defendant to 30 months' probation. The court also ordered him to make restitution to Griffin of $100 per week until $8,737.08 was paid. Then he was to pay restitution to the State in the amount of $21,600. The trial court also fined defendant $1,000. The court ordered the State to "[p]ut all that in the probation order, submit the probation order to [defense counsel] for his review, and then to the [c]ourt for entry." The court requested defense counsel to contact it within five days to approve the probation order and, at that time, defendant would be brought back to court so the court could explain his appeal rights.

On March 6, the trial court entered an amended written order of probation in which the amount of restitution was stated as $21,670.93. The court then admonished defendant, pursuant to Supreme Court Rule 605(a) (145 Ill. 2d R. 605(a)), of his right to appeal. This appeal followed.

■ Notice of appeal must be filed within 30 days from the entry of final judgment (134 Ill. 2d R. 606(b)) which, in a criminal case, is the pronouncement of the sentence. *People v. Allen*, 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284 (1978). Because the final judgment is the pronouncement of the sentence, which the State notes was on January 28, 1998, and not entry of a written judgment order (*Allen*, 71 Ill. 2d at 381, 375 N.E.2d at 1284), the State argues defendant's notice of appeal was not timely filed.

■ The trial court mistakenly told defendant he had 30 days from the entry of the written order to file his notice of appeal. Thus, the trial court did not properly admonish defendant pursuant to Rule 605(a) that his appeal would be preserved only if the notice of appeal was filed within 30 days from the date of sentence. 145 Ill. 2d R. 605(a). Where a trial court erred in telling defendant his appeal rights run from the time of the issuance of the written judgment of sentence, and the defendant filed his notice of appeal within 30 days of the issuance thereof, it has been held the interests of justice require a finding

the defendant's notice of appeal was timely filed. *People v. Robinson*, 229 Ill. App. 3d 627, 628, 593 N.E.2d 148, 149 (1992). We have an analogous situation in this case because the trial court erroneously instructed defendant he had 30 days to file his notice of appeal after the entry of the written probation order, and he did so. In the interest of justice, defendant's notice of appeal will be considered timely filed.

■ The State next argues defendant has forfeited consideration of whether the trial court accepted his waiver of counsel without compliance with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) by failing to include this error in his posttrial motion for a new trial. *People v. Johnson*, 119 Ill. 2d 119, 131, 518 N.E.2d 100, 105 (1987). However, this court has considered the issue under the plain error rule, because the right to counsel is fundamental (*People v. Langley*, 226 Ill. App. 3d 742, 749, 589 N.E.2d 824, 829 (1992)), and review is warranted in this case.

■ Defendant argues the record fails to demonstrate he was admonished according to Supreme Court Rule 401(a), and he never waived his right to counsel. To accomplish a valid waiver of counsel, Rule 401 requires:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript. The proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed[,] and made a part of the common[-]law record." 134 Ill. 2d R. 401.

Here, no verbatim record was made, as required by Rule 401(b), to show defendant was given the admonishments required by Rule 401(a). No court reporter was present at the August pretrial conference nor does the record or argument by the State indicate *any* of the Rule 401(a) admonishments were given to defendant. He proceeded *pro se* at his bench trial on August 21.

■ The right to counsel is fundamental and will not be lightly deemed waived. *People v. Robertson*, 181 Ill. App. 3d 760, 763, 537 N.E.2d 1036, 1039 (1989). Rule 401(a) governs a trial court's accep-

tance of a defendant's counsel waiver. Strict compliance with Rule 401(a) is not always required. Substantial compliance will suffice if the waiver was knowingly and voluntarily made and the admonishment the defendant received did not prejudice his rights. *People v. Haynes*, 174 Ill. 2d 204, 236, 673 N.E.2d 318, 333 (1996). Whatever admonishments are given to a defendant, however, must be included in the record since Rule 401(b) requires that when a defendant waives the right to counsel, the proceedings must be recorded verbatim, and strict compliance with Rule 401(b) is required. *People v. Montgomery*, 298 Ill. App. 3d 1096, 1099, 700 N.E.2d 1085, 1088 (1998).

The record does not show defendant wanted to proceed *pro se*. He indicated he wanted to obtain private counsel and the public defender was discharged. Later, after he obtained multiple continuances, when he found he could not afford to retain private counsel, the trial court informed defendant he made too much money to have counsel appointed for him. The trial court told defendant to "consult" with the public defender for advice but he might have to proceed on his own. Correspondence in the record indicates defendant thought he obtained a plea bargain with the State and would have the plea entered prior to trial and would not need counsel. Instead, no plea agreement was entered and the case went to trial with defendant having no choice but to represent himself.

■ The trial court was required to consider competing interests. Defendant was entitled to the effective assistance of counsel in presenting his defense and ordinarily would be entitled to counsel of his choice. *People v. Myles*, 86 Ill. 2d 260, 268, 427 N.E.2d 59, 62 (1981); *People v. Johnson*, 75 Ill. 2d 180, 185, 387 N.E.2d 688, 690 (1979). However, "the right to counsel of a defendant's own choosing may not be employed as a weapon to indefinitely thwart the administration of justice." *Myles*, 86 Ill. 2d at 268, 427 N.E.2d at 62-63. A defendant cannot use his right to counsel to thwart the timely administration of justice by insisting on appointed counsel of his choice. *People v. West*, 137 Ill. 2d 558, 588, 560 N.E.2d 594, 608 (1990).

■ This case differs from the situation where a defendant seeks to represent himself and the question is whether he knowingly and voluntarily gave up his right to representation in favor of his right to represent himself. Defendant made no request to represent himself. We need not reevaluate whether a defendant can be found to have waived counsel—even if he does not ask to represent himself—if the proper admonishments required in Rule 401(a) are given, because in this case *no admonishments* were given. *People v. Childs*, 278 Ill. App. 3d 65, 74, 662 N.E.2d 161, 166-67 (1996). To proceed to trial without counsel, whether or not it was at the request of defendant, the trial

court *must* give the admonishments required by Rule 401(a). *Childs*, 278 Ill. App. 3d at 74, 662 N.E.2d at 166-67.

■ The State argues the record indicates defendant was aware of the information required to be conveyed to him by Rule 401(a). The admonishments necessary under Rule 401(a) must be provided when the court learns the defendant has chosen to waive counsel so the defendant can consider the ramifications of his decision. Prior admonitions or the request to discharge counsel do not serve to fully inform a defendant of the ramifications of acting on his own behalf. He cannot be expected to rely on admonishments given several months earlier, at a point when he was not requesting to waive counsel. *Langley*, 226 Ill. App. 3d at 749-50, 589 N.E.2d at 830. Defendant was forced to proceed to trial after failing to obtain counsel following several months of continuances. The record does not show a valid waiver of counsel, and defendant is entitled to a new trial.

In the circumstances present here, the trial court should have given the proper admonishments and inquired whether defendant was willing to waive counsel. If the defendant still wanted counsel but had not obtained his own after the trial court had permitted time to do so, then counsel could have been appointed. The court could have later conducted a hearing pursuant to section 113—31 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1 (West 1996)) for payment for appointed counsel.

Defendant also contends the trial court overstepped its bounds while attempting to assist him at trial, and he is entitled to credit against his fine for the time served in pretrial detention. Because we have concluded defendant is entitled to a new trial, we need not address these issues but note the statutory right to *per diem* credit is mandatory unless the statute under which the fine is imposed prohibits such crediting.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.

GARMAN, J., concurs.

JUSTICE STEIGMANN, specially concurring:

I agree with the majority opinion, but write separately to emphasize that the primary error the trial court committed in this case was its apparent belief that defendant had only two choices: hire a lawyer or represent himself. Reversible error will almost always occur when a trial court forces a defendant (whom the court has found to be nonindigent and who has asked to be represented by counsel) to proceed *pro*

*se* because the court will not appoint counsel to represent him and defendant has failed, willfully or not, to hire counsel of his own choice. Under these circumstances, no legitimate waiver of Rule 401 can occur because the rule requires a defendant's knowing, intelligent, and *voluntary* waiver of his right to be represented by counsel. When a defendant insists on being represented by counsel but claims to be unable to afford an attorney of his own choice, Rule 401 simply does not apply.

Rule 401 lacks the explicit provision concerning voluntariness found in Rule 402, which addresses guilty pleas. See 177 Ill. 2d R. 402(b). Nonetheless, because Rule 401 deals with a fundamental constitutional right, it implicitly requires that any waiver of that right must be voluntary.

In addressing waivers by defendants of their right to counsel, many courts have recognized that voluntariness is required. In *People v. Kidd*, 178 Ill. 2d 92, 104, 687 N.E.2d 945, 952 (1997), the court wrote that "[w]hen a defendant seeks to waive counsel, the trial court must not only determine that he is competent to stand trial but also satisfy itself that his waiver of this constitutional right is both knowing and voluntary," citing *Godinez v. Moran*, 509 U.S. 389, 400, 125 L. Ed. 2d 321, 333, 113 S. Ct. 2680, 2687 (1993) ("trial court must satisfy itself that the waiver of [a defendant's constitutional right to counsel] is knowing and voluntary"). See also *Haynes*, 174 Ill. 2d at 235, 673 N.E.2d at 332 (waiver of constitutional right to counsel must be "voluntary, knowing, and intelligent"); *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998) (defendant's waiver of counsel must be "knowing and voluntary").

Because Rule 401 implicitly requires that a waiver of a defendant's right to counsel be voluntary, I must disagree with a decision of this court that suggests a valid Rule 401 waiver could be obtained involuntarily from a defendant. In *Childs*, 278 Ill. App. 3d 65, 662 N.E.2d 161, this court addressed a situation in which the defendant at the trial level was "playing games" with court procedures, insisting that he be represented by counsel, while also insisting that the two different assistant public defenders who had been appointed to represent him were incompetent and he needed other counsel. This court stated its disapproval of such game playing and wrote the following:

> "The trial court could have made an initial determination whether there was any valid basis to discharge counsel. Since none was shown, the court could have denied the motion to withdraw and proceeded with trial. *On the other hand, had the court given the admonitions required by Rule 401(a), valid waiver of counsel could have been found, despite defendant's insistence that he did not wish*

*to represent himself.*" (Emphasis added.) *Childs*, 278 Ill. App. 3d at 74, 662 N.E.2d at 166-67.

I disagree with the emphasized sentence in that quotation from *Childs*.

Trial courts must never reward a defendant's obstructionist behavior. Yet, that is what happened in *Childs*. The defendant in *Childs* filed a complaint with the Illinois Attorney Registration and Disciplinary Commission against the assistant public defender who was then representing him. The trial court therefore permitted that defense attorney to withdraw on the day of trial, but first gave defendant the choice of going to trial without an attorney, going to trial with that assistant public defender as his attorney, or hiring his own counsel within the next hour. *Childs*, 278 Ill. App. 3d at 69, 662 N.E.2d at 163. When the defendant—predictably—refused to exercise any of those options, the court made a fundamental mistake by discharging the assistant public defender and forcing defendant to represent himself. This court appropriately reversed and remanded for a new trial, but in doing so inappropriately indicated that trial courts have authority to force the waiver of counsel upon a defendant who insists that he does not want to represent himself.

Despite the difficulties court-appointed counsel may encounter representing an obstructionist defendant who is hell-bent on interfering with an orderly and constructive attorney-client relationship, trial courts should almost never permit such counsel to withdraw from representing that defendant. A trial court's doing so only rewards this bad behavior. As the trial court in *Childs* learned, courts delude themselves by thinking an obstructionist defendant is somehow going to behave better when a new court-appointed counsel enters the picture.

Trial courts should not hesitate to reject motions to withdraw filed by court-appointed counsel when those motions are based on the grounds that the relationship between the defendant and counsel has become "poisonous" or unpleasant due to defendant's bad behavior. Instead of granting such motions, the court should make clear to the defendant that failing to cooperate with his counsel will only hurt the defendant and that the court will not change counsel. Perhaps a graphic way of getting this point across is to explain that if defendant is convicted and sentenced to prison, when the bus to Stateville comes to pick him up, only he will get on, not his lawyer.

Illinois law provides trial courts with the means of trying to persuade nonindigent defendants to hire lawyers of their own choice. Indeed, a fundamental purpose underlying section 113—3.1 of the Code, permitting trial courts to order defendants to reimburse the State or the county a reasonable sum for the services of appointed

counsel, was to address situations such as that in the present case. 725 ILCS 5/113—3.1 (West 1996). Trial courts can say to such a defendant that if he fails to hire an attorney of his own choice, then the court will appoint counsel and require defendant to pay for the services of that counsel to the extent the court finds he is capable of doing so, with a possible maximum payment of $5,000.

Utilizing this statute, a trial court should explain to a defendant (who has not waived his right to counsel pursuant to Rule 401) that the issue before the defendant is whether he will be represented by an attorney of his own choice or one of the court's, but either way he will wind up paying a considerable sum of money. The court should further suggest that, in view of these two choices, perhaps the defendant might want to reconsider his decision not to hire an attorney of his own choice.

In *People v. Williams*, 92 Ill. 2d 109, 118, 440 N.E.2d 843, 847 (1982), the Supreme Court of Illinois wrote:

"[W]here a defendant who is financially able to engage counsel has been instructed to do so within a certain and reasonable time, but he fails to do so and does not show reasonable cause why he was unable to secure representation, the court may treat such a failure as a waiver of the right to counsel and require him to proceed with the hearing."

However, I have serious doubts as to whether the Supreme Court of Illinois would continue to adhere to its decision in *Williams* and, even if it did so, whether that decision continues to provide much guidance to trial courts.

First, *Williams* cited no decision from the United States Supreme Court as underlying its holding, and the decisions the Supreme Court has rendered since 1982, such as *Godinez*, 509 U.S. 389, 125 L. Ed. 2d 321, 113 S. Ct. 2680, suggest that the Supreme Court has taken a harder line on finding waiver of a defendant's right to counsel than that shown in *Williams*.

Next, section 113—3.1 of the Code was enacted effective July 1, 1982, some weeks before the supreme court decided *Williams*, thus providing trial courts with a means of persuading nonindigent defendants to hire counsel that was not available when the trial in *Williams* occurred. The Supreme Court of Illinois might well conclude, as discussed in this special concurrence, that trial courts should fully utilize this new statute before they will be permitted to whittle away at a fundamental constitutional right.

Last, even if the Supreme Court of Illinois were willing to continue to follow *Williams*, it might do so only under the most compelling factual circumstances, leaving trial courts to guess whether a particular situation before them is compelling enough.

For instance, in *King v. People*, 728 P.2d 1264 (Colo. 1986), the Colorado Supreme Court addressed a case in which a defendant charged with a felony failed not only to hire private counsel, but also to report to a court agency that would investigate his financial status and determine his eligibility for court-appointed counsel, as the trial court had directed. Over a two-month period, the trial court repeatedly warned the defendant of his right to counsel and of the necessity of contacting the eligibility investigator, but the defendant nonetheless appeared on the date of trial without having either hired an attorney or seen the eligibility investigator. Despite the defendant's statement that he needed an attorney to defend himself, the court directed that the trial would proceed, and defendant was ultimately convicted. *King*, 728 P.2d at 1267. The Colorado Supreme Court reversed, holding as follows:

"In order for a court to conclude that an accused has impliedly waived counsel, the record as a whole, including the reasons proffered by the defendant for not having counsel, must show that the defendant knowingly and willingly undertook a course of conduct that evinces an unequivocal intent to relinquish or abandon his right to legal representation." *King*, 728 P.2d at 1269.

This standard, which is probably the minimum required by the sixth amendment to the United States Constitution (U.S. Const., amend. VI), is nonetheless so high that for all practical purposes trial courts ought to consider it essentially unreachable. Furthermore, if trial courts properly utilize section 113—3.1 of the Code, as described herein, they will not need to determine whether the behavior of the defendant in the case before them is egregious enough to "evince[ ] an unequivocal intent" (*King*, 728 P.2d at 1269) to relinquish or abandon his right to legal representation. As a last matter, trial courts should be mindful that if a reviewing court finds a trial court erred by denying a defendant his request to be represented by counsel, that error almost certainly will be deemed reversible.

Experience suggests that trial courts who utilize section 113—3.1 of the Code as described herein will ultimately not have many defendants choosing court-appointed counsel when those defendants in fact have the means to hire their own attorneys. In handling those few defendants who are sufficiently stubborn to persist in their dubious claims of not being able to afford to hire private counsel, trial courts should resist distorting the important, fundamental right to counsel, guaranteed by the sixth amendment to the United States Constitution and article I, section 8, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 8), by engaging in some sort of contest with these defendants to see who blinks first. Instead, courts

confronted with such a defendant should appoint counsel and utilize section 113—3.1 of the Code to its fullest, requiring such a defendant to pay $5,000 in an appropriate case.