**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180147-U

Order filed October 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0147<br>Circuit No. 16-CF-706 |
| ERNEST D. STARKS, | ) ) ) | Honorable<br>Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The court properly denied the defendant's motion to suppress evidence, as the defendant's cousin did not commit eavesdropping when she retrieved the incriminating videos from the trash bin of the defendant's online account. (2) The court erred by denying the defendant's motion to withdraw his agreement to the stipulated bench trial because the court misinformed the defendant regarding his sentencing range, preventing the defendant from providing a knowing jury trial waiver.

¶ 2     The defendant, Ernest D. Starks, appeals his convictions for child pornography,

aggravated criminal sexual assault, and two counts of criminal sexual assault. The defendant

argues that (1) the Peoria County circuit court erred by denying his motion to suppress evidence, (2) the court erred by failing to inform him that he was subject to mandatory consecutive sentencing, and (3) defense counsel was ineffective for failing to inform him that he was subject to mandatory consecutive sentencing.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged the defendant with child pornography (720 ILCS 5/11-20.1(a)(1)(i) (West 2016)), aggravated criminal sexual assault (*id.* § 11-1.30(a)(4)), and two counts of criminal sexual assault (*id.* § 11-1.20(a)(3)).

¶ 5        The defendant filed a motion to suppress evidence, alleging that the videos that contributed to the charges were inadmissible since Cassadia King, the defendant's cousin, committed eavesdropping when she retrieved them from his online account.

¶ 6        During the motion to suppress hearing, King testified that the defendant asked her to set up his cell phone for him, including creating an online account and setting his passwords. After E.S., the defendant's daughter, told King that the defendant used his cell phone to make inappropriate videos of himself and E.S., King accessed the online account connected to the defendant's phone. King found the video files in the account's trash bin, put them on a disc, and gave the disc to law enforcement. The State proffered that officer Shawn Curry would testify that E.S. informed him that the defendant recorded the videos to sell them on the internet. The State argued that the defendant did not have any expectation of privacy in the videos because he intended to publish them. The court denied the motion to suppress.

¶ 7        Immediately before conducting a stipulated bench trial, the court incorrectly admonished the defendant that consecutive sentencing was discretionary, not mandatory, such that he faced a sentencing range of 6 to 60 years' imprisonment. Defense counsel told the court, "I did discuss

2

[sentencing] as well with my client, and I pointed out to him that we would be arguing against consecutive sentencing, but it was still a possibility under the law."

¶ 8    During the stipulated bench trial, the parties stipulated that Kim H. would testify that she is E.S.'s mother and the defendant is E.S.'s father. In September 2016, Kim learned that the defendant initiated a sexual relationship with E.S., who was 16 years old at the time. Kim informed law enforcement, who arrested the defendant. Officers discovered a handwritten letter addressed to Kim, in the defendant's handwriting, in which the defendant apologized for violating E.S. Kim also gave law enforcement a T-shirt that belonged to E.S. Kim would testify it was the same T-shirt that appeared in the videos recovered from the defendant's online account.

¶ 9    The parties stipulated that E.S. would testify that she had sexual intercourse with the defendant on approximately 10 occasions during the summer of 2016, including an instance where the defendant used his cell phone to record several short videos of them having vaginal, anal, and oral sex. In the videos, E.S. could be identified because her face was sporadically visible, and she wore the T-shirt Kim had retrieved. The defendant believed he could sell the videos to a website for at least $2000. The defendant showed E.S. the website and told her that he previously sold a video to the site for $500. E.S. would testify that she viewed the videos retrieved from the defendant's online account and would confirm that they depict her and the defendant engaging in sexual intercourse.

¶ 10    The parties stipulated that King's testimony would mirror her suppression hearing testimony. The court found the defendant guilty of all charges.

¶ 11    At sentencing, the court acknowledged its erroneous admonishment, informing the defendant that consecutive sentencing was mandatory, not discretionary, and that he faced a

3

sentencing range of 12 to 60 years' imprisonment, not 6 to 60 years. The defendant replied, "I just found out about this just today." The court told the defendant that he could file a motion if he wished to withdraw his consent to the stipulated bench trial.

¶ 12 The defendant filed a motion to withdraw his agreement to the stipulated bench trial, insisting that he would not have waived his jury trial right if the court had correctly informed him that consecutive sentencing was mandatory. The court denied the motion, saying:

"When I considered the motion, my inclination was to wonder where it would start and where it would end. In other words, if the Court in any blind plea or, in this case, stipulated bench trial plea were to misstate even a fraction of the potential sentence, would that nullify the upcoming sentencing hearing? It seemed like that should not be the case, because I think we probably misstate it all the time. It's almost a moving target.

This case—in this case, it rested solely on even a more obscure component, which is consecutive sentences. In the case that [the State] mentions, the *Bannister* case, it does say that—it does appear to be almost as on point as you can get, except for maybe the offenses. I don't quite know what they mean when they say the *de novo* part, but I guess that's maybe another issue.

The Court in the *Bannister* case said the consequences of a conviction by either a jury or by the trial court are the penalties to which the defendant will be subjected. 'We cannot accept the defendant's argument that a misstatement of the possible penalty was grounds to vacate the plea.' So the motion will be respectfully denied."

4

¶ 13    The court sentenced the defendant to 22 years' imprisonment for child pornography and 23 years' imprisonment for aggravated criminal sexual assault. The court entered a finding with no judgment on the two criminal sexual assault convictions. The defendant appeals.

¶ 14                                    II. ANALYSIS

¶ 15    The defendant argues that (1) the circuit court erred by denying his motion to suppress evidence, (2) the court erred by failing to inform him that he was subject to mandatory consecutive sentencing, and (3) defense counsel was ineffective for failing to inform him that he was subject to mandatory consecutive sentencing.

¶ 16                                A. Motion to Suppress

¶ 17    First, the defendant argues that the circuit court erred by denying his motion to suppress evidence because King committed eavesdropping when she retrieved the videos from his online account's trash bin. We apply a two-part standard of review when a defendant challenges a circuit court's ruling on a motion to suppress. "[W]e give great deference to the trial court's factual findings, and we will reverse those findings only if they are against the manifest weight of the evidence." *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). "[W]e review *de novo* the trial court's ultimate legal ruling as to whether suppression is warranted." *Id.* "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 18    "A person commits eavesdropping when he or she knowingly and intentionally *** [i]ntercepts *** any private electronic communication to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic communication." 720 ILCS 5/14-2(a)(3) (West 2016). The statute defines a private electronic communication as:

5

"[A]ny transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system, when the sending or receiving party intends the electronic communication to be private under circumstances reasonably justifying that expectation. A reasonable expectation shall include any expectation recognized by law, including *** privilege, immunity, or right ***." *Id.* § 14-1(e).

¶ 19      The videos King retrieved do not qualify as private electronic communications, as the defendant did not have a reasonable expectation of privacy in his online account. The defendant cites several federal cases holding that fourth amendment protections apply to telephone calls, mail, e-mail, and cell phone data. See, *e.g.*, *Katz v. United States*, 389 U.S. 347, 352-53 (1967); *United States v. Jacobsen*, 466 U.S. 109, 114 (1984); *United States v. Warshak*, 631 F.3d 266, 284-88 (6th Cir. 2010); *Riley v. California*, 573 U.S. 373, 388-93 (2014). First, these cases do not apply because the videos in question are neither telephone calls, mail, email, nor cell phone data. Second, the defendant's fourth amendment protections have no bearing on the instant case—the fourth amendment applies to government action, not the actions of a private citizen. *People v. Phillips*, 215 Ill. 2d 554, 566 (2005). The defendant knew that King had the password to his online account and could access it at any time because he explicitly asked King to set up the account and choose a password for him. In doing so, he extinguished any reasonable expectation of privacy in his online account that he had in relation to King.

¶ 20      Additionally, King's actions do not qualify as intercepting the videos in question. While the statute does not provide a definition for the word "intercept," Black's Law Dictionary defines the verb form of "intercept" as "[t]o covertly receive or listen to (a communication)." Black's

6

Law Dictionary (11th ed. 2019). Usually, the term "refers to covert reception by a law-enforcement agency." *Id.* Even assuming, *arguendo*, that the defendant communicated with his account's host organization by uploading the videos, King neither received nor listened to the alleged communication. Instead, she accessed the videos after the upload took place and the alleged communication concluded. King did not commit eavesdropping because she did not intercept the defendant's videos.

¶ 21                                B. Mandatory Consecutive Sentencing

¶ 22        The defendant also argues that the court erred by refusing to permit the defendant to withdraw his agreement to the stipulated bench trial, and that defense counsel was ineffective for failing to advise him that he was subject to mandatory consecutive sentencing. We review a court's denial of a motion to withdraw for an abuse of discretion. *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009). "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *Id.*

¶ 23        By agreeing to a stipulated bench trial, the defendant waived his constitutional right to a jury trial. "Waiver of a constitutional right is valid only if it is clearly established that there was 'an intentional relinquishment or abandonment of a known right ***.' " *People v. Johnson*, 75 Ill. 2d 180, 187 (1979) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). " 'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). These standards exist to ensure that a defendant "was able to make a rational choice from among the alternatives available," based on the totality of the circumstances. *Id.*

¶ 24        Consecutive sentences are mandatory when a defendant is convicted of child pornography or aggravated criminal sexual assault. 730 ILCS 5/5-8-4(d)(2), (d)(2.5) (West 2016). Once the court convicted the defendant of both child pornography and aggravated criminal sexual assault, the defendant was necessarily subject to mandatory consecutive sentencing. Since the defendant's convictions each carried a minimum sentence of 6 years' imprisonment, the defendant faced no less than 12 years' imprisonment. See *id.* §§ 5-8-4(d)(2), (d)(2.5), 5-4.5-25(a).

¶ 25        The court incorrectly admonished the defendant repeatedly concerning his potential sentencing range, including immediately before the stipulated bench trial, where the court incorrectly informed the defendant that he faced 6 to 60 years' imprisonment. When the court finally recognized its error and told the defendant the correct sentencing range—after conducting the stipulated bench trial and finding the defendant guilty—the defendant's response clearly demonstrated that he did not properly understand the consequences of his agreement to the stipulated bench trial. The defendant argued in his motion to withdraw that he would not have waived his jury trial right had he known the correct minimum sentence. Yet the court denied the motion, calling consecutive sentencing an "obscure component" of the trial process and musing, "I think we probably misstate [sentencing ranges] all the time. It's almost a moving target."

¶ 26        The statute unambiguously mandates that consecutive sentencing applies in the instant case. See *id.* § 5-8-4(d)(2), (d)(2.5). The court clearly misstated the defendant's minimum sentence, which directly influenced the defendant's decision to waive his constitutional right to a jury trial and agree to a stipulated bench trial, where a guilty verdict is all but guaranteed. See, *e.g.*, *People v. Davis*, 145 Ill. 2d 240, 250 (1991) (holding that the defendant's misapprehension of the law pertaining to his eligibility for probation or conditional discharge caused him to forego

8

his trial rights); see also *People v. Gonzalez*, 313 Ill. App. 3d 607, 617 (2000) ("[In a stipulated bench trial], the reality is that factual guilt is a foregone conclusion. After all, neither a reasonable defendant nor a prosecutor will choose to pursue a stipulated bench trial *** if the evidence is doubtful."). The court misinformed the defendant regarding the minimum sentence he faced, thereby prejudicing the defendant, who relied on that misinformation when he waived his jury trial right and consented to the stipulated bench trial. The defendant was not sufficiently aware of the likely consequences of his jury trial waiver; therefore, the court abused its discretion by denying the defendant's motion to withdraw his agreement to the stipulated bench trial.

¶ 27 Due to this finding, we do not reach the defendant's ineffective assistance of counsel claim.

¶ 28                                III. CONCLUSION

¶ 29 The judgment of the circuit court of Peoria County is reversed and remanded.

¶ 30 Reversed and remanded.