THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD E. McCLANAHAN, Defendant-Appellant.

Fourth District   No. 4—97—0792

Argued October 14, 1998.—Opinion filed November 16, 1998.—Rehearing denied December 21, 1998.

STEIGMANN, J., specially concurring.

Daniel D. Yuhas and Jacqueline L. Bullard (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

■ Section 115—15 of the Code of Criminal Procedure of 1963 (Procedure Code) provides for the admissibility in evidence of a laboratory report from the Department of State Police, Division of Forensic Services and Identification, in a criminal case concerning controlled substance violations if (1) certain certifications are made; (2) a copy of the report is timely served upon defense counsel; and (3) the defense failed to demand "the testimony of the person signing the report *** within 7 days from *** receipt of the report" (725 ILCS 5/115—15(c) (West 1996)). The major question in this case is whether section 115—15 violates the confrontation clause of the sixth amendment to the United States Constitution incorporated in the fourteenth amendment thereof (U.S. Const., amends. VI, XIV) and similar provi-

sions of section 8 of article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 8). We hold that no such violation necessarily occurs.

On April 30, 1997, following a jury trial in the circuit court of Sangamon County, defendant Donald E. McClanahan was convicted of unlawful possession of less than 15 grams of a substance containing cocaine. 720 ILCS 570/402(c) (West 1996). He was subsequently sentenced to three years' imprisonment to run concurrently with a two-year federal sentence he was then serving for three counts of distribution of a substance containing cocaine. The nature of the substance defendant was shown to possess was proved pursuant to section 115—15 of the Procedure Code by (1) a laboratory report certified in conformity thereto, and (2) proof of service eight months before trial of a proper copy of the laboratory report concerning the substance taken from defendant. Defendant demanded production of the person signing the report, but that demand was not served upon the State until approximately eight months after the report had been served upon the defense and shortly before trial.

On appeal, defendant maintains not only that the introduction of the laboratory report pursuant to section 115—15 of the Code created a confrontation clause violation but also a violation of due process. Defendant also asserts he was denied a fair trial by the prosecutor's improper comments in closing arguments. We affirm.

Section 115—15 of the Procedure Code provides in its entirety:

"(a) In any criminal prosecution for a violation of either the Cannabis Control Act or the Illinois Controlled Substances Act, a laboratory report from the Department of State Police, Division of Forensic Services and Identification, that is signed and sworn to by the person performing an analysis and that states (1) that the substance that is the basis of the alleged violation has been weighed and analyzed, and (2) the person's findings as to the contents, weight and identity of the substance, and (3) that it contains any amount of a controlled substance or cannabis is prima facie evidence of the contents, identity and weight of the substance. Attached to the report shall be a copy of a notarized statement by the signer of the report giving the name of the signer and stating (i) that he or she is an employee of the Department of State Police, Division of Forensic Services and Identification, (ii) the name and location of the laboratory where the analysis was performed, (iii) that performing the analysis is a part of his or her regular duties, and (iv) that the signer is qualified by education, training and experience to perform the analysis. The signer shall also allege that scientifically accepted tests were performed with due caution and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.

(b) The State's Attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if he or she has no attorney, before any proceeding in which the report is to be used against the accused other than at a preliminary hearing or grand jury hearing when the report may be used without having been previously served upon the accused.

(c) The report shall not be prima facie evidence of the contents, identity, and weight of the substance if the accused or his or her attorney demands the testimony of the person signing the report by serving the demand upon the State's Attorney within 7 days from the accused or his or her attorney's receipt of the report." 725 ILCS 5/115—15 (West 1996).

■ The federal constitution provides that every accused is entitled "to be confronted with the witnesses against him." U.S. Const., amend. VI. The purpose of the confrontation clause is "to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845, 111 L. Ed. 2d 666, 678, 110 S. Ct. 3157, 3163 (1990). This is accomplished by the combined effect of physical presence, oath, cross-examination, and observation of demeanor by the trier of fact. *Craig*, 497 U.S. at 846, 111 L. Ed. 2d at 678, 110 S. Ct. at 3163. The confrontation clause of the present Illinois Constitution (Ill. Const. 1970, art. I, § 8 (as amended November 8, 1994)) is very similar in language to that of the United States Constitution and conforms to the same principles. *People v. Dean*, 175 Ill. 2d 244, 254, 677 N.E.2d 947, 952 (1997).

The major thrust of defendant's argument, that submitting the hearsay information in the laboratory report to the jury without foundation proof by the person conducting the testing was a violation of defendant's right to confront the witness, gives no consideration to the provision of section 115—15(2), which grants the defense the right to make a timely requirement for the testimony of the preparer of the report. Rather, the defendant focuses on such cases as *White v. Illinois*, 502 U.S. 346, 116 L. Ed. 2d 848, 112 S. Ct. 736 (1992), *Idaho v. Wright*, 497 U.S. 805, 111 L. Ed. 2d 638, 110 S. Ct. 3139 (1990), *United States v. Inadi*, 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986), and *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980). Defendant does not cite any case where, as here, a statutory provision existed, making the hearsay evidence offered by the State admissible only if the defense is given reasonable notice of the intent of the State to use the evidence and a reasonable time to require the testimony of the declarant or preparer of the report to be offered in evidence. We are unaware of any such case.

We deem the situation here similar to that confronting the Supreme Court of Oregon in *State v. Hancock*, 317 Or. 5, 854 P.2d 926 (1993) (citing statute in effect in December 1989). There, an Oregon statute (see Or. Rev. Stat. §§ 475.235(3), (4) (1995)) permitted the admission into evidence of a certified copy of an analytical report signed by a criminalist conducting the analysis and deemed it to be *prima facie* evidence of the results of the analysis. Unlike here, the statute involved did not permit the defendant to require production of the analyst but merely permitted the defense to subpoena the analyst without cost to the defense. The *Hancock* court deemed the statutory scheme to be similar to a procedure whereby the State would ask the defense if the report could be admitted into evidence without the presence of the preparer, but if the defense wanted the preparer present, the defense could require the testimony of the preparer without cost to the defense. *Hancock*, 317 Or. at 11, 854 P.2d at 929. Section 115—15 is more reasonable than the Oregon statute because 115—15 requires the State to actually present the preparer on timely demand.

Defendant maintains that even if he could be denied the right to compel the production of the preparer of the laboratory report by having waived his rights, the waiver would have to be voluntary on his part and not the result of failure of his counsel to respond. He attempts to draw analogy between the situation here and that giving rise to our decision in *In re Perona*, 294 Ill. App. 3d 755, 690 N.E.2d 1058 (1998). There, a respondent was recommitted to a mental health center after a hearing from which he had absented himself. That trial court proceeded pursuant to section 3—806(b) of the Mental Health and Developmental Disabilities Code, which permitted the court to proceed when the respondent's attorney advised the court that "[the respondent] refused to attend." See 405 ILCS 5/3—806(b) (West 1996).

In *Perona*, this court held the foregoing provision in regard to proceeding in the absence of a respondent did not facially deprive defendant of procedural due process. We stated:

> "Deciding whether a statutory procedure comports with procedural due process involves a three-part analysis: first, we ask whether there exists a liberty or property interest that has been interfered with by the state; second, we examine the risk of an erroneous deprivation of such an interest through procedures already in place, while considering the value of additional safeguards; and third, we examine the effect the administrative and monetary burdens of additional procedures would have on the state's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976); *East St. Louis Federation [of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel]*, 178 Ill. 2d [399,] 415-16, 687 N.E.2d [1050,] 1060 [(1997)].

It has long been recognized that procedural due process guarantees a respondent the right to be present at his hearing in order to protect his liberty interest. See *Specht v. Patterson*, 386 U.S. 605, 610, 18 L. Ed. 2d 326, 330, 87 S. Ct. 1209, 1212 (1967). However, respondents may waive their constitutional rights. *People v. Johnson*, 75 Ill. 2d 180, 187, 387 N.E.2d 688, 691 (1979). A waiver of constitutional rights must be not only a voluntary act, but also a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Johnson*, 75 Ill. 2d at 187, 387 N.E.2d at 691, quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469 (1970)." *Perona*, 294 Ill. App. 3d at 762-63, 690 N.E.2d at 1064.

One aspect of our holding in *Perona* was that the respondent had made a knowing waiver of his right to be present. Defendant contends that here, he did not make a knowing waiver of his constitutional right to confront the preparer of the report and was thus deprived of due process. However, the right to be present, which was involved in *Perona*, was a fundamental right that counsel could not waive for the respondent or forfeit on his behalf. *People v. Steenbergen*, 31 Ill. 2d 615, 618, 203 N.E.2d 404, 406 (1964); *People v. Mallett*, 30 Ill. 2d 136, 142, 195 N.E.2d 687, 690 (1964).

■ Here, defendant's constitutional right of confrontation was involved, but no case has been called to our attention that would prevent defense counsel from waiving a defendant's right to examine the preparer of a document containing hearsay information or by his conduct forfeit that right. To hold otherwise would make the preparation for the trial of criminal cases more difficult.

Here, the laboratory report was served on the defense at the time the State gave its required discovery. Defense counsel did not contend he was unaware of the furnishing of the document or its signature. The record indicates he had had the document and waited until three days before trial to make the demand for the presence of the preparer. This was too late, and the circuit court properly admitted the report into evidence.

In holding section 115—15 of the Procedure Code was not applied here in such a manner as to violate defendant's right of confrontation or due process, we recognize, as did the Supreme Court of Oregon in *Hancock*, 307 Or. 2d at 11, 654 P.2d at 929, that very often the preparer of a laboratory report is eventually excused from testifying. Section 115—15 aids and promotes an earlier decision in that regard. Moreover, an accused has a right to put on relevant evidence favorable to him, but he can lose that right by failure to give reasonable required discovery in this regard. *People v. Johnson*, 262 Ill. App. 3d 781, 787-

88, 635 N.E.2d 827, 831-32 (1994); *People v. White*, 257 Ill. App. 3d 405, 413, 628 N.E.2d 1102, 1108 (1993). By the same logic, a defendant's right of confrontation can be limited by a requirement to take reasonable action such as that required here.

Finally, the two aspects of defendant's contention of reversible error arising from the State's closing argument are (1) the prosecutor's statement that a defense witness had a criminal conviction, and (2) defendant's assertion the State's argument was racist. Defendant contends these alleged errors occurred in the course of a trial where the evidence was closely balanced. We find no reversible error.

■ The defense witness in question did have a criminal conviction in 1978, which was inadmissible for impeachment purposes as it was stale (*People v. Montgomery*, 47 Ill. 2d 510, 516-17, 268 N.E.2d 695, 698-99 (1971)). The court sustained the objection to the State's reference to this conviction, and the jury was instructed that opening statements and closing arguments were not evidence. Defendant contends that because the evidence was close, this reference to the conviction of the witness was reversible error. We do not agree that the evidence was close but, even if it were, no reversible error occurred as the court had sustained the objection and properly instructed the jury.

The theory of the defense was that the controlled substance had been placed on the defendant by police officers to create an excuse for beatings officers had imposed. The prosecutor then contended this was not "L.A." and that this situation was different from the highly publicized Rodney King episode where an arrestee was beaten by police officers. We do not construe the lengthy prosecution argument to be racist, and no objection was raised. Thus, the issue has been forfeited absent plain error. *People v. Keene*, 169 Ill. 2d 1, 23, 660 N.E.2d 901, 912 (1995). Both sides mentioned race, and defendant had testified the officers used racial slurs while beating him. Clearly, no plain error arose.

Accordingly, for the reasons we have stated, we affirm the conviction and sentence.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE STEIGMANN, specially concurring:
Although I agree fully with the court's opinion, I write specially only to caution the State about the methods it should use when complying with section 115—15 of the Procedure Code.

That section's provisions authorize the admission of a laboratory

report in lieu of the live testimony of the report's author, only if (1) the State's Attorney serves a copy of the report upon defense counsel; and (2) defense counsel fails to object to the report's admissibility of *prima facie* evidence of its contents within seven days of receiving it. If either (1) defense counsel timely objects, or (2) the State fails to serve the report upon defense counsel as section 115—15 requires, then the State will have to call the laboratory analyst who wrote the report to testify regarding the report's contents.

I envision a problem arising in a situation where the State moves during trial to admit the laboratory report on the ground that defense counsel had failed to timely object to the report's use, only to have defense counsel assert that she never received a copy of the report in the first place. To further complicate matters, both the prosecutor and defense counsel might be making their respective claims in good faith because the prosecutor really believes he sent a copy of the laboratory report to defense counsel, while defense counsel really believes that she never received it.

Regrettably, discovery problems of this sort arise with some frequency during felony trials. However, what distinguishes this particular discovery issue from the vast majority is that this one directly implicates a constitutional right—namely, the defendant's right to confront and cross-examine one of the State's witnesses. I agree that imposing a burden upon defense counsel to affirmatively state her disagreement with a proposed stipulation regarding the admissibility of a laboratory report passes constitutional muster in this case. However, the State should bear a greater burden if a discovery dispute arises concerning whether defense counsel ever received the laboratory report than it might otherwise bear regarding more "normal" discovery disputes.

The good news is that the State can easily meet this heightened burden with regard to laboratory reports in either of the following ways. First, the State's discovery response containing the laboratory report at issue (and, perhaps, other discovery information as well) should be prepared in triplicate, with each of the three original copies then filed marked by the circuit clerk. One of the triplicate originals should remain in the court file, one should remain in the prosecutor's file, and the third should be provided to defense counsel. Under these circumstances, *if defense counsel later claims that she never received a copy of the laboratory report*, the trial court could easily resolve this discovery dispute both by looking in the court file and by asking the prosecutor for his copy of the discovery response at issue. If the court finds the laboratory report at issue within each, the inescapable conclusion would be that defense counsel, upon receiving the discovery re-

224

sponse from the State, must have unstapled the documents and thereafter simply lost or misplaced the report.

The second, but perhaps less efficient, method of providing a record of compliance with section 115—15(b) of the Procedure Code is for the prosecutor to make a record of presenting the laboratory report in open court to defense counsel at some pretrial proceeding in the case. The difficulty with this procedure, however, is that in those counties which are able to administer their felony docket efficiently enough to minimize the need for multiple pretrial hearings, a timely opportunity might not present itself for the State to furnish the laboratory report to defense counsel in this fashion.

Utilizing one of the suggested methods would be sound practice for the State regarding *any* discovery information it provides defendant pursuant to Supreme Court Rule 412 (134 Ill. 2d R. 412). If the State fails to comply with either of the foregoing methods, then it should be on notice that it will likely lose any discovery dispute that arises regarding whether defense counsel received notice from the State, as required by section 115—15(b) of the Procedure Code.