THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE MOORE, Defendant-Appellant.

First District (4th Division)    No. 1—03—2436

Opinion filed June 30, 2005.

684

Michael J. Pelletier and Paul Rathburn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Rafi Jafri, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant, Tyrone Moore, was convicted of aggravated battery with a firearm and possession of cannabis, and sentenced to concurrent terms of imprisonment of nine years and five years, respectively. On appeal, defendant contends that: (1) he was not proven guilty of aggravated battery with a firearm beyond a reasonable doubt because the State failed to prove that he acted with the requisite *mens rea*; (2) he was denied his sixth amendment right to effective assistance of counsel because his trial attorney failed to request that the jury be instructed on the lesser included offense of reckless discharge of a firearm; and (3) the State committed misconduct by making improper comments in opening statement and closing argument which inflamed the passions of the jury, misstated the evidence, and misstated the law. We affirm.

Defendant was charged with attempt to commit first degree murder (720 ILCS 5/8—4(a), 9—1(a) (West 2004)), aggravated battery with a firearm (720 ILCS 5/12—4.2(a) (West 2004)), aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 2004)), and aggravated battery (720 ILCS 5/12—4(a) (West 2004)) in connection with the shooting of Addie Lee on December 5, 2001. Defendant was also charged with possession of a cannabis with intent to deliver (720 ILCS 550/5(e) (West 2004)) and possession of cannabis (720 ILCS 550/4(e)

(West 2004)) based on a related incident. In this appeal, defendant challenges the evidence to sustain his conviction of aggravated battery with a firearm, but does not challenge his conviction of possession of cannabis.

The following evidence was adduced at defendant's trial. Lee testified that during the early morning hours of December 5, 2001, she was entertaining a few friends at her house in Blue Island, Illinois. Defendant, with whom Lee had a two-year-old daughter, stopped by Lee's house while Lee's friends were visiting. When defendant saw that one of the visitors was Lee's ex-boyfriend, he became upset and left.

Sometime later, defendant returned. At that time, only Lee's friend Shawn remained at her house. Raising his voice, defendant directed Lee to tell Shawn to leave, and Lee complied. Defendant then snatched the telephone that Lee was holding and threw it to the floor, causing it to break. Defendant and Lee "had a few words," culminating in defendant drawing a loaded, cocked handgun and pointing it at Lee. Lee, who was seated on the couch, grabbed a pillow to shield her face as defendant stood over her with the gun. The next thing Lee remembered was being shot in the face.

On cross-examination, Lee admitted that she then told defendant to leave before the police arrived because she "really didn't want him to get in trouble." She also admitted that she did not see whether defendant pulled the trigger because she had the pillow over her face.

Blue Island police responded to Lee's home. Based on information from Lee, they located defendant later that afternoon at the Best Motel in Chicago. When defendant answered the door, the smell of burning cannabis emanated from his room. Defendant admitted that he and a female friend had been smoking marijuana and informed the police that he had more marijuana in the bathroom. Police subsequently located a plastic bag containing 567 grams of cannabis inside the toilet tank.[1]

Following his arrest, defendant spoke with Detective John Mc-Sweeney and Assistant State's Attorney (ASA) Shawn Concannon at

---

[1]At trial, the parties stipulated that the suspected cannabis was sent to the Illinois State Police Crime Lab, where tests commonly accepted in the field of forensic chemistry for ascertaining the presence of a controlled substance were performed, and that it was determined within a reasonable degree of scientific certainty that the substance in the bag consisted of 567.0 grams of cannabis. The parties also stipulated that a proper chain of custody was maintained at all times.

the police station.[2] ASA Concannon reduced defendant's statement to writing. In that statement, defendant related substantially the same chronology of the events culminating in the shooting. Defendant added that he and Lee were in a relationship at that time and that he became upset when he arrived at Lee's house and three men were there. As a result, he went home, got his loaded .38-caliber revolver, and returned to Lee's home to find out what was going on. After arguing with Lee for a short time, defendant drew his gun to scare her. The gun was cocked. When Lee saw the gun, she slid off of the couch onto the floor and shielded her face with a pillow. Defendant stood over Lee, holding the gun by the butt and pointing it at her. The gun then "went off" once, striking Lee in the face.

The jury ultimately found defendant not guilty of attempt to commit first degree murder, guilty of aggravated battery with a firearm, and guilty of possession of cannabis. The court subsequently sentenced defendant to concurrent terms of imprisonment of nine years and five years, on the aggravated battery with a firearm and possession counts, respectively.

In this appeal from that judgment, defendant first contends that the State failed to prove him guilty of aggravated battery with a firearm beyond a reasonable doubt because it failed to prove that he acted with the requisite *mens rea*. Defendant specifically claims that the evidence established that he acted with a reckless state of mind, rather than with knowledge or intent, as a conviction for aggravated battery with a firearm would require. Therefore, he maintains that we should reduce his conviction to reckless discharge of a firearm (720 ILCS 5/24—1.5 (West 2004)), which he claims is a lesser included offense.

Where a defendant challenges the sufficiency of the evidence to sustain his conviction, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Campbell*, 146 Ill. 2d 363, 374, 586 N.E.2d 1261, 1265-66 (1992). The reasonable inferences to be drawn from the evidence are the responsibility of the trier of fact; therefore, a conviction will not be set aside unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of defendant's guilt. *Campbell*, 146 Ill. 2d at 374-75, 586 N.E.2d at 1266.

■ In order to sustain a charge of aggravated battery with a firearm, the State was required to prove that defendant "knowingly or

---

[2]Defendant was advised of his *Miranda* rights and that ASA Concannon was a prosecutor. Defendant indicated that he understood and wanted to talk.

intentionally by means of the discharging of a firearm" caused injury to another person. 720 ILCS 5/12—4.2(a) (West 2004). A person acts knowingly if he is consciously aware that his conduct is practically certain to cause injury. 720 ILCS 5/4—5 (West 2004); *People v. Vazquez*, 315 Ill. App. 3d 1131, 1133, 734 N.E.2d 1023, 1026 (2000). In contrast, a person acts recklessly if he consciously disregards a substantial and unjustifiable risk that the victim would be harmed. 720 ILCS 5/4—6 (West 2004). Determination of defendant's mental state may be inferred from circumstantial evidence, and this task is particularly suited to the jury. *People v. DiVincenzo*, 183 Ill. 2d 239, 252, 700 N.E.2d 981, 988 (1998).

Here, viewed in the light most favorable to the State, the evidence adduced at defendant's trial established that defendant was angry that other men were at Lee's house during the early morning hours. Thus, defendant went home, retrieved a loaded revolver, and returned to Lee's house to find out what was going on. Still angry, defendant incited an argument with Lee, then drew his cocked, loaded gun and pointed it at her face to scare her. The gun then "went off," shooting Lee in the face.

■ Based on this evidence, we find that the jury could have rationally inferred that defendant fired the gun at Lee. See *Vazquez*, 315 Ill. App. 3d at 1134, 734 N.E.2d at 1026. Although defendant indicated in his statement to ASA Concannon that he had his hand on the butt of the gun and that the gun apparently "went off" on its own, the jury was free to find that statement self-serving and incredible based on the circumstances. See, *e.g.*, *People v. Gilliam*, 172 Ill. 2d 484, 515-16, 670 N.E.2d 606, 620-21 (1996) (observing that although the function of the jury is to draw inferences based on the evidence, it is not required to accept any possible explanation compatible with defendant's innocence and elevate it to the status of a reasonable doubt).

In reaching this conclusion, we find defendant's reliance on *People v. Hoover*, 250 Ill. App. 3d 338, 620 N.E.2d 1152 (1993), *People v. Franklin*, 189 Ill. App. 3d 425, 545 N.E.2d 346 (1989), and *People v. Andersch*, 107 Ill. App. 3d 810, 438 N.E.2d 482 (1982), to be misplaced. In those cases, the defendants were convicted of involuntary manslaughter after the loaded weapons they were holding discharged as they wrestled with their victims, and the defendants claimed that their actions were accidental. On appeal, the courts considered only whether the evidence was sufficient to sustain the defendants' convictions of involuntary manslaughter. Because those cases did not address whether the evidence was sufficient to establish the mental states of intent or knowledge, they are not instructive here.

We further find *People v. Lemke*, 349 Ill. App. 3d 391, 811 N.E.2d 708 (2004), upon which defendant also relies, to be inapposite because in that case, the court rejected the defendant's contention that the evidence was insufficient to sustain his first degree murder conviction. We therefore find the evidence sufficient to establish defendant's guilt of aggravated battery with a firearm beyond a reasonable doubt.

■ Defendant next contends that he was denied his constitutional right to effective assistance of counsel because his attorney failed to request that the jury be instructed on the offense of reckless discharge of a firearm (720 ILCS 5/24—1.5 (West 2004)), which he maintains is a lesser included offense of aggravated battery with a firearm. We find that defendant's allegation of ineffective assistance cannot be decided in this direct appeal because it is based on matters outside the record, and we decline to address whether reckless discharge of a firearm is a lesser included offense of aggravated battery with a firearm.

In order to prevail on a claim of ineffective assistance of counsel, defendant must show (1) that his attorney's assistance was objectively unreasonable under prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Curry*, 178 Ill. 2d 509, 519, 687 N.E.2d 877, 882 (1997). Regarding the first prong, defendant must overcome a strong presumption that counsel's actions were the product of sound trial strategy. *People v. Barrow*, 133 Ill. 2d 226, 247, 549 N.E.2d 240, 249 (1989); *People v. Dominguez*, 331 Ill. App. 3d 1006, 1014, 773 N.E.2d 1167, 1174 (2002). Because defendant must satisfy both prongs of the test, the failure to establish either one is fatal to his claim. *People v. Ceja*, 204 Ill. 2d 332, 358, 789 N.E.2d 1228, 1245 (2003).

The supreme court has definitively held that the decision of whether to submit an instruction on a lesser charge to the jury, much like the decision of what plea to enter, ultimately belongs to the defendant. *People v. Brocksmith*, 162 Ill. 2d 224, 229, 642 N.E.2d 1230, 1232 (1994). Accordingly, the failure to permit a defendant to make that decision would constitute reversible error. *Brocksmith*, 162 Ill. 2d at 229-30, 642 N.E.2d at 1233.

In contrast, where a defendant has made the decision whether to give a lesser included offense instruction, that decision is considered to be one of trial strategy, which has no bearing on the competency of counsel. *Dominguez*, 331 Ill. App. 3d at 1014-15, 733 N.E.2d at 1174-75. Thus, that decision cannot form the basis of an ineffective assistance of counsel claim. *Dominguez*, 331 Ill. App. 3d at 1015, 773 N.E.2d at 1174-75.

Here, as defendant admits in his brief, the record contains no

information to indicate whether defendant was given the opportunity to make that decision. Without this information, we cannot adjudicate defendant's claim. Where information not of record is critical to a defendant's claim, it must be raised in a collateral proceeding. *People v. Durgan*, 346 Ill. App. 3d 1121, 1141-42, 806 N.E.2d 1233, 1249 (2004); *People v. Burns*, 304 Ill. App. 3d 1, 11-12, 709 N.E.2d 672, 680 (1999) (ineffective assistance of counsel claims based on matters *de hors* the record are not proper on direct appeal); see also *Dominguez*, 331 Ill. App. 3d at 1012-13, 773 N.E.2d at 1173 (*Krankel* hearing held to determine whether defendant had been given the opportunity to decide whether to give lesser included instruction). We therefore decline to address defendant's ineffective assistance of counsel claim in this appeal.

Defendant nevertheless urges this court to follow the Fifth District's decision in *People v. Lemke*, 349 Ill. App. 3d 391, 811 N.E.2d 708 (2004). In that case, on direct appeal, the Fifth District held that the defendant received ineffective assistance of counsel where his attorney pursued an all-or-nothing defense at a bench trial. The evidence presented in that case established that defendant drew a gun and pointed it at his victim, but that the defendant did not know how it went off. *Lemke*, 349 Ill. App. 3d at 393, 811 N.E.2d at 710. The defendant was convicted of first-degree murder and appealed.

The court initially observed that the evidence was sufficient to sustain his conviction of first degree murder, but went on to find that the defendant had received ineffective assistance of counsel and reversed the defendant's conviction. The court specifically found that the pursuit of the all-or-nothing defense in that case could only have been based on a misapprehension of the law, observing that a reasonable jury could not have found that the victim's death was an accident where the evidence established that the defendant retrieved a loaded gun to confront the victim. *Lemke*, 349 Ill. App. 3d at 399-400, 811 N.E.2d at 715-16. Rather, the court found that the evidence established that the defendant acted *at least* recklessly. *Lemke*, 349 Ill. App. 3d at 400, 811 N.E.2d at 716. Thus, the court concluded that counsel was ineffective for not pursuing a theory that the defendant was guilty of the lesser included offense of involuntary manslaughter. *Lemke*, 349 Ill. App. 3d at 402, 811 N.E.2d at 717.

We find *Lemke* distinguishable from the case at bar in two respects. First, *Lemke* was a bench trial, in which no jury instructions would have been given, and the trial judge, *sua sponte*, could have found the defendant guilty of a lesser included offense. *People v. Knaff*, 196 Ill. 2d 460, 473, 752 N.E.2d 1123, 1130-31 (2001). Second, unlike *Lemke*, in the present case, the jury was not confronted with an all-or-nothing

situation. Defendant was charged with two counts of attempt to commit first degree murder, and aggravated discharge of a firearm, in addition to aggravated battery with a firearm. In convicting defendant of aggravated battery with a firearm, the jury chose one of the lesser offenses.

We further find the rationale in *Lemke* unpersuasive for two more reasons. First, the *Lemke* court did not acknowledge the supreme court's holding in *Brocksmith* that the decision of whether to instruct the jury on a lesser included offense belongs to the defendant. As we discussed above, whether defendant was given the opportunity to make this decision is critical (see *Brocksmith*, 162 Ill. 2d at 229-30, 642 N.E.2d at 1233; *Dominguez*, 331 Ill. App. 3d at 1014-15, 733 N.E.2d at 1174-75), and the record in *Lemke* contained no indication of whether defendant had been given the opportunity to consider whether to pursue a lesser included offense theory (*Lemke*, 349 Ill. App. 3d at 401, 811 N.E.2d at 717).

Second, the *Lemke* court relied principally upon *People v. Wright*, 111 Ill. 2d 18, 488 N.E.2d 973 (1986), which we find unsupportive of its decision. In that case, the defendant was convicted of first degree murder after noises awoke her from a drunken sleep, causing her to get her gun to investigate and culminating in the shooting death of her daughter. *Wright*, 111 Ill. 2d at 22, 488 N.E.2d at 975. At issue was a circuit court order granting the defendant's postconviction hearing petition following an evidentiary hearing to determine why counsel had chosen to pursue an all-or-nothing defense. *Wright*, 111 Ill. 2d at 22-24, 488 N.E.2d at 975-76. At that hearing, defense counsel indicated that he did not pursue a lesser included defense theory because he misunderstood the law of voluntary intoxication. *Wright*, 111 Ill. 2d at 22-23, 488 N.E.2d 975-76. After hearing this testimony, as well as expert testimony regarding the degree of impairment that the defendant suffered, the court indicated that it would have found defendant guilty of involuntary manslaughter and granted defendant's petition. *Wright*, 111 Ill. 2d at 30-31, 488 N.E.2d at 979. Moreover, *Wright* was decided eight years before the supreme court declared that a defendant, rather than his attorney, is to make the decision of whether to give a lesser included offense instruction in *Brocksmith*. As a result, that factor was not considered by the court in *Wright*. Thus, *Wright* does not lend support to *Lemke* but, rather, supports creating a record to determine defendant's claim.

As the concurring opinion in *Lemke* emphasized, the creation of a record is critical where an ineffective assistance of counsel claim relates to a decision that only the defendant can make. *Lemke*, 349 Ill. App. 3d at 403, 811 N.E.2d at 718 (Kuehn, J., specially concurring).

Accordingly, we disagree with *Lemke* and decline to address defendant's ineffective assistance of counsel claim in this appeal.

Defendant's final contention is that the State committed prosecutorial misconduct by making improper comments in its opening statement and closing arguments. Defendant cites numerous statements in support of his claim of error, which we will address categorically, beginning with defendant's four allegations of error regarding opening statement.

■ In opening statement, the State is permitted to comment on what it anticipates the evidence will be and the reasonable inferences to be drawn therefrom. *People v. Cloutier*, 156 Ill. 2d 483, 507, 622 N.E.2d 774, 786 (1993). Absent deliberate misconduct, incidental or uncalculated remarks in opening statement cannot form the basis of reversal. *Cloutier*, 156 Ill. 2d at 507, 622 N.E.2d at 786. Reversal is warranted only where the complained-of remarks engender substantial prejudice such that the result of the trial would have been different had the comments not been made. *Cloutier*, 156 Ill. 2d at 507, 622 N.E.2d at 787.

Here, defendant first complains that the prosecutor improperly appealed to the jury's religious values by observing that the shooting happened during the Christmas season, by calling the bullet to Lee's head an "early Christmas gift" from defendant, and by suggesting that it was "by the Grace of God" that Lee survived. We disagree. These comments are nothing more than idiomatic expressions, which are commonplace enough that a jury would not misconstrue them. See *People v. Shaw*, 186 Ill. 2d 301, 333-34, 713 N.E.2d 1161, 1178 (1998).

Second, defendant claims that references to defendant's rage and anger improperly inflamed the jury. However, we find no error arising from these remarks because there was ample evidence in the record, including defendant's handwritten statement, to support the fact that defendant was, in fact, angry. As such, these comments were reasonable references to what the State expected the evidence would be. See *Cloutier*, 156 Ill. 2d at 507, 622 N.E.2d at 786.

Third, defendant contends that the prosecutor referred to defendant's handwritten statement as a "handwritten confession," suggesting to the jury that defendant admitted his guilt. This comment, viewed in context, is clearly an isolated, inadvertent misstatement. See *Cloutier*, 156 Ill. 2d at 507, 622 N.E.2d at 786. Based on the amount of evidence presented at trial, we are unable to say that the jury's verdict resulted from this comment.

In his fourth and final claim of error regarding opening statement, defendant takes issue with the fact that the prosecutor stated that he "could not tell [the jury] whether Addie Lee [was] going to find the

courage to take the witness stand." Defendant claims that this statement improperly suggested that Lee was reluctant to testify because she feared retaliation from defendant.

We find no reversible error arising from this comment. Defense counsel objected to this statement, and the court advised the prosecutor that "this is opening statement. She will or she won't [testify]." The court further instructed the jury at the close of the evidence that opening statements and closing arguments are not evidence. The ruling on the objection and the instruction were thus sufficient to cure any prejudice arising from this comment. *People v. Tenner*, 157 Ill. 2d 341, 384, 626 N.E.2d 138, 157-58 (1993); *People v. McClanahan*, 301 Ill. App. 3d 216, 222, 703 N.E.2d 127, 132 (1998), *rev'd on other grounds*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000).

However, defendant claims that the prosecutor committed further misconduct by failing to abide by the court's ruling on the objection, continuing, "I can't tell you if she will [testify]. But let me say this. Even if you don't hear from Addie Lee's own mouth about that night, you will hear evidence, ladies and gentlemen, that is overwhelming. *** And you will hear the defendant's own handwritten confession." We find that defendant has waived any error arising from these subsequent remarks because he failed to raise another objection. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129 (1988). We further find any error created by these comments to have been cured by the court's instructions to the jury at the close of the evidence. *Tenner*, 157 Ill. 2d at 384, 626 N.E.2d at 157-58. We therefore find no reversible error resulting from the State's opening statement.

■ We now turn to defendant's five claims of error regarding closing argument. Defendant faces a substantial burden in attempting to achieve reversal of his conviction based upon improper remarks made during closing argument. *People v. Williams*, 332 Ill. App. 3d 254, 266, 773 N.E.2d 143, 152 (2002). The State is afforded a great deal of latitude in presenting closing argument and is entitled to argue all reasonable inferences from the evidence. *People v. Nieves*, 193 Ill. 2d 513, 532-33, 739 N.E.2d 1277, 1286 (2000). Further, improper comments can constitute reversible error only when they engender substantial prejudice against defendant such that it is impossible to say whether or not a verdict of guilty resulted from those comments. *Nieves*, 193 Ill. 2d at 533, 739 N.E.2d at 1286.

Defendant first claims that the prosecutor improperly inverted the elements of aggravated battery with a firearm, which served to minimize its burden of proving intent. We disagree. Arguably, stating the intent element last would place more emphasis on it. In addition, the State discussed each of the elements of the offense, and the court

instructed the jury that the State had the burden of proving them all beyond a reasonable doubt. Accordingly, we find no error. See, *e.g., People v. Henry,* 318 Ill. App. 3d 83, 85, 742 N.E.2d 893, 895 (2001) (holding that the State is to be given latitude to determine which aspects of its case to accentuate in closing argument and finding no error in the State's discussion of the elements of the offense where the court properly instructed the jury).

Second, defendant contends that the prosecutor improperly gave his personal opinions regarding domestic violence. In support of his claim, defendant cites comments including, "[d]omestic violence is about power and control," and "[h]e pulls the trigger and shoots [Lee] in the face because she got out of line."

We initially observe that defendant has waived any issue regarding these comments by failing to object to them at trial and by failing to include them in his posttrial motion. *Enoch,* 122 Ill. 2d at 186, 522 N.E.2d at 1129. Waiver aside, we find no reversible error resulting from these comments. Although a prosecutor may not express his personal opinion or argue facts that are not in evidence, he may offer an opinion based on the record. *People v. Johnson,* 119 Ill. 2d 119, 143, 518 N.E.2d 100, 111 (1987). Here, one could properly infer from the evidence presented that defendant was threatening Lee with violence in order to assert control over her interactions with other men. As such, these remarks do not engender substantial prejudice.

Third, defendant argues that the prosecutor continued to express improper personal opinions in the State's rebuttal closing argument. Defendant cites the following exchange in support of his argument. The prosecutor argued, "[t]his is not an accident, ladies and gentlemen. Guns do not just go off." The defense objected to the comment, and the court sustained the objection, instructing the jury to disregard the comment. The prosecutor then continued, "[l]adies and gentlemen, guns are fired when the finger that's on the trigger pulls it." The defense again objected, and the court sustained the objection, once again, instructing the jury not to consider the remark. The prosecutor then suggested that the jury should use its common sense in deliberating. We find any error in this exchange to have been cured when the court sustained the defense's objections and instructed the jury to disregard the comments. *People v. Johnson,* 208 Ill. 2d 53, 116, 803 N.E.2d 405, 441 (2003).

Fourth, defendant claims that during the State's rebuttal closing argument, the prosecutor improperly added the following incriminating sentence to his statement, "I was pointing the gun at Addie." Although this remark was not taken verbatim from defendant's statement, the evidence was clear that defendant was pointing the gun at

Lee, even though Lee was hiding behind the pillow. We therefore find no reversible error arising from this comment. See *Nieves*, 193 Ill. 2d at 532-33, 739 N.E.2d at 1286.

Fifth, defendant argues that the prosecutor improperly commented on defendant's failure to testify. Defendant cites the following remark in support of his claim of error, "I want you to look at [defendant's statement] and find out what—where Mr. Moore said it was an accident. Go ahead."

We disagree. The prosecutor's statement here is directed to defendant's statement, which had been admitted into evidence, rather than his decision not to testify. The fact that defendant's statement does not indicate that the shooting was an accident and the reasonable inferences to be drawn therefrom were thus proper comment on the evidence. See *Nieves*, 193 Ill. 2d at 532-33, 739 N.E.2d at 1286. We therefore find no reversible error resulting from these comments.

Defendant finally claims that even if these comments, taken by themselves, do not cast doubt on his conviction, the cumulative effect of them requires reversal. We disagree. Where the alleged errors do not amount to reversible error on any individual issue, there generally is no cumulative error. *People v. Foster*, 322 Ill. App. 3d 780, 791, 757 N.E.2d 894, 904-05 (2000). Moreover, the jury was properly instructed that closing arguments are not evidence and that it should disregard any argument not based upon the evidence. We therefore find no reversible error based on the State's closing arguments.

We therefore affirm the judgment of the circuit court of Cook County.

Affirmed.

GREIMAN and QUINN, JJ., concur.